**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICOLE CHRISTMON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED AIRLINES, INC., a Delaware corporation, <br><br> Defendant. | **Case Number:** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Nicole Christmon ("Plaintiff" or "Christmon"), by and through undersigned counsel, alleges as follows against Defendant United Airlines, Inc. ("Defendant" or "United"):

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Nicole Christmon is an individual who resides in Bellwood, Illinois.

2. Defendant United Airlines, Inc. is a Delaware corporation that conducts substantial business throughout Illinois and is registered with the Illinois Secretary of State to transact business in Illinois. Defendant United Airlines, Inc. is headquartered in Chicago, Illinois

3. Defendant employs 501 or more employees.

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964.

1

5. Plaintiff timely filed EEOC Charges Nos. 440-2022-05742 and 440-2023-02054 and received Notices of Right to Sue issued on September 17, 2025.

6. Venue is proper in this District because the unlawful employment practices were committed in this District and Defendant resides in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff identifies as Christian.

8. On October 20, 2021, Plaintiff was selected hired by Defendant for a Ramp Service Agent role, and on October 21, 2021, she was selected and hired for a Customer Service role.

9. Plaintiff was told that she must select one of the two proffered roles by Defendant before starting her employment with Defendant.

10. Plaintiff selected a role and began her first attempt to be "on boarded" as an employee of Defendant.

11. On November 6, 2021, Plaintiff submitted a religious accommodation document in Defendant's portal due to her strongly held religious belief which prevented her from being vaccinated against COVID-19.

12. On November 9, 2021, Defendant informed Plaintiff that her religious accommodation was approved.

13. In that same email, Defendant rescinded its employment offer to Plaintiff and stated she would be placed at the "top of a list for processing" when the pandemic receded, and that if she became fully vaccinated she would "jump to the top of the list" and United would restart the hiring process.

2

14. On November 10, 2021, Defendant sent Plaintiff a communication indicating that she would be attending training for the position of Customer Service Representative, and a United coordinator confirmed training details would follow.

15. Despite the November 10, 2021, communication, Plaintiff was not onboarded nor was she permitted to start the Customer Service position by Defendant.

16. On February 8, 2022, Defendant emailed Plaintiff to reapply for the Ramp Service Agent position.

17. Plaintiff reapplied, was interviewed, and was, again, hired for the Ramp Service Agent position.

18. On February 11, 2022, United rescinded the Ramp Service Agent job offer and denied Plaintiff the proffered sign-on bonus.

19. Plaintiff timely filed EEOC Charges regarding the religious discrimination she faced. Her first charge, EEOC Charge 440-2022-05742, was received by the EEOC on September 22, 2022.

20. On or about November 2022, Plaintiff received yet another offer for the Ramp Service Agent position.

21. Upon being hired and restating her request for a religious exemption to Defendant's COVID-19 vaccine mandate, Defendant, again, denied her request, denied her flight benefits, and subsequently rescinded the offer in or around November 2022.

22. In October of 2022, Plaintiff's husband, Christopher Christmon was hired by Defendant.

23. Despite Plaintiff's immediately eligibility to receive flight benefits through her husband's employment with Defendant, Defendant denied Plaintiff the ability to receive flight benefits through her spouse.

24. The denial of Plaintiff's flight benefits from Defendant, despite Plaintiff's eligiblity to receive such benefits through her spouse's employment with Defendant, is a further act of discrimination and retaliation perpetrated against Plaintiff by Defendant.

25. Defendant retaliated against Plaintiff for filing an EEOC charge against Defendant.

26. Plaintiff filed a second charge of discrimination and retaliation against Defendant, EEOC 440-2023-02054, on May 15, 2023.

27. On August 26, 2025, the EEOC issued determinations in both charges finding reasonable cause to believe that United discriminated against a nationwide class of employees, including Plaintiff, by denying religious accommodations and subjecting them to discriminatory actions such as unpaid leaves, discharge, failure to hire, and/or constructive discharge, in violation of Title VII.

28. The EEOC issued Notices of Right to Sue to Plaintiff on September 17, 2025.

**COUNT I – RELIGIOUS DISCRIMINATION (TITLE VII)**

29. Plaintiff realleges and incorporates paragraphs 1–29.

30. Plaintiff had a sincerely held religious belief, as a Christian, that conflicted with Defendant's COVID-19 vaccination requirement.

31. Plaintiff requested religious accommodations to Defendant's vaccination requirement in 2021 and again during the 2022 hiring processes.

4

32. Defendant rescinded Plaintiff's offers, refused to onboard her into the Customer Service Agent and Ramp Service Agent positions, and denied benefits, including flight benefits, because she requested or required a religious accommodation and because she was unvaccinated.

33. Defendant's communications conditioned Plaintiff's employment priority on becoming fully vaccinated and otherwise placed her on a list until "the pandemic recedes," rather than providing an effective accommodation for her religious practice as an employee, applicant, or new hire.

34. Defendant denied religious accommodations and subjected a class of employees, including Plaintiff, to discriminatory actions from September, 2021, to November, 2022. This comports with the determination issued by the EEOC regarding Plaintiff's charges

35. Defendant's actions constitute unlawful discrimination because of religion in violation of Title VII.

### COUNT II – FAILURE TO HIRE (TITLE VII)

36. Plaintiff realleges and incorporates paragraphs 1–35.

37. Plaintiff was hired/selected for Customer Service on October 21, 2021, and later hired for Ramp Service Agent in early February, 2022, and in November, 2022, satisfying Defendant's qualifications for the positions.

38. Defendant rescinded Plaintiff's Customer Service and Ramp Service Agent offers and failed to onboard her for either position after she sought religious accommodation; Defendant also rescinded another offer in or around November 2022.

39. Defendant's November 9, 2021, communication explicitly rescinded her offer and deferred hiring unless she became fully vaccinated or until pandemic conditions "recede," which effectively denied hire based on her religious accommodation.

40. Despite the fact that the COVID-19 pandemic "receded" Defendant still refuses to hire Plaintiff.

41. These acts constitute failure to hire based on discrimination and retaliation in violation of Title VII.

### COUNT III – WRONGFUL TERMINATION (TITLE VII)

42. Plaintiff realleges and incorporates paragraphs 1–41.

43. The EEOC found reasonable cause that Defendant subjected a class of employees nationwide, including Plaintiff, to discriminatory actions such as discharge during the relevant period due to denial of religious accommodations.

44. Defendant's rescissions, denial of onboarding, denial of benefits, and insistence on vaccination or indefinite deferral functioned as termination of Plaintiff's accepted positions.

45. Such terminations were on account of Plaintiff's religion and protected activity in violation of Title VII.

### CONDITIONS PRECEDENT

46. Plaintiff satisfied all conditions precedent to suit by timely filing EEOC Charges Nos. 440-2022-05742 and 440-2023-02054 and receiving Notices of Right to Sue dated September 17, 2025.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award the following relief:

a) A declaratory judgment that Defendant's acts and practices complained of herein violated Title VII;

b) Injunctive relief prohibiting Defendant from engaging in further religious discrimination and requiring appropriate policies, training, and compliance monitoring;

c) Reinstatement or instatement to the Customer Service Agent and/or Ramp Service Agent positions, with seniority and benefits, or, in the alternative, front pay in lieu of reinstatement;

d) Back pay, lost benefits, and pre- and post-judgment interest;

e) Compensatory and punitive damages as permitted by law;

f) Reasonable attorneys' fees and costs; and

g) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 15, 2025

Respectfully submitted,

John M. Liston
Liston Legal Group
5901 W. Dempster Street, Suite 200
Morton Grove, IL 60053
john@listonlegal.com
847-528-5024
Attorney for Plaintiff Nicole Christmon